UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA FALLORIN REYES,<br><br>                         Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | Case No.: 16cv2926-MMA (AGS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 3] |

On July 25, 2016, Plaintiff Amalia Fallorin Reyes initiated a small claims action in the Superior Court of California for the County of San Diego, naming Burt Lee[1] as the defendant. *See* Doc. No. 1. In Plaintiff's small claims complaint, she alleges a claim for "harassment," and alleges that "Mr. Lee ha[d] been avoiding us." *See* Doc. No. 1-2. On December 1, 2016, the United States of America removed this action from the Superior Court based on federal question jurisdiction and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). *See* Doc. No. 1. The United States then filed a notice of substitution, substituting the United States as Defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679, and asserting that Burt Lee was

---

[1] The United States indicates that the true name of the individual originally sued is Burt Lee, as opposed to Bart Lee, as the small claims complaint lists him. *See* Doc. Nos. 1, 3.

1  acting within the scope of his employment as a federal employee—specifically, a postal
2  worker—at the time the cause of action arose.  *See* Doc. No. 2.  Now, Defendant United
3  States moves to dismiss this action for lack of subject matter jurisdiction pursuant to
4  Federal Rule of Civil Procedure 12(b)(1).  *See* Doc. No. 3.  For the following reasons, the
5  Court agrees that it lacks subject matter jurisdiction over this action.

## DISCUSSION

7  "The FTCA bars claimants from bringing suit in federal court until they have
8  exhausted their administrative remedies."  *See McNeil v. United States*, 508 U.S. 106,
9  113 (1993); *see* 28 U.S.C. § 2675(a).  Specifically, a tort claim "may not be instituted
10  against the United States unless it is first presented to the appropriate Federal agency and
11  one of the following conditions is met: the claim is finally denied, or six months have
12  passed without a final resolution having been made."  *See Burns v. United States*, 764
13  F.2d 722, 724 (9th Cir. 1985).  This is a jurisdictional requirement.  *See Sec. Nat. Ins. Co.
14  v. United States*, 637 F. App'x 347, 347–48 (9th Cir. 2016); *Brady v. United States*, 211
15  F.3d 499, 502 (9th Cir. 2000).  Further, even where a plaintiff commences litigation and
16  then exhausts administrative remedies "before substantial progress [is] made in the
17  litigation," an FTCA action must be dismissed for lack of subject matter jurisdiction.  *See
18  McNeil*, 508 U.S. at 111–12.

19  Here, Defendant asserts that Plaintiff has not filed an administrative claim prior to
20  commencing this action, as required by § 2675(a).  *See* Doc. No. 3.  Plaintiff does not
21  oppose Defendant's motion to dismiss.  Accordingly, Plaintiff has not demonstrated that
22  she has exhausted her administrative remedies.  Based on the record, it appears that
23  Plaintiff's complaint is premature, and the Court lacks subject matter jurisdiction over
24  this action.  Lastly, amendment appears futile because Plaintiff would not be able to cure
25  any failure to exhaust administrative remedies *after* she has already commenced this
26  FTCA action.  *See McNeil*, 508 U.S. at 111–12; *see DCD Programs, Ltd. v. Leighton*,
27  833 F.2d 183, 187 (9th Cir. 1987) ("[F]utile amendments should not be permitted.").
28  //

## CONCLUSION

In sum, the Court **GRANTS** Defendant's unopposed motion to dismiss, and **DISMISSES** this action without prejudice, and without leave to file an amended complaint.  The Clerk of Court is instructed to close this action.

**IT IS SO ORDERED.**

Dated:  February 17, 2017

Hon. Michael M. Anello
United States District Judge